IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LANCE M. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3254 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, a Delaware | ) | MEMORANDUM AND ORDER ON |
| corporation, | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 16, 2009, the plaintiff, Lance M. Morgan, filed a complaint against Defendant BNSF Railway Company (BNSF), alleging that the defendant has violated the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. (See generally Compl., filing 1.) The defendant has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See filing 7.) For the following reasons, I find that the defendant's motion must be granted.

## I.   BACKGROUND

The complaint alleges as follows. The defendant is a "common carrier by railroad" engaged "in interstate commerce in Nebraska and other states." (Compl., filing 1, ¶ 1.) At relevant times, the plaintiff was employed in the defendant's yard in Lincoln, Nebraska, as a pilot. (Id. ¶ 6.)

On August 7, 2008, at approximately 9:00 p.m., the plaintiff "was working as a pilot on the movement of a two-locomotive consist in the yard." (Compl., filing 1, ¶ 7.) He "was standing on the ladder on the point of the shove, on the lowest step, hanging onto the hand rail with one hand and signaling the hostler with his lantern in the other hand ('protecting the point of the shove')." (Id.) The complaint states,

Suddenly, without warning to Plaintiff, a loud noise occurred. The

1

locomotive he was riding on began to sway back and forth. Plaintiff jumped from the locomotive just before it derailed.

(Id. ¶ 8.) The plaintiff alleges that due to this event–which he attributes to the defendant's negligence–he suffered "[e]motional distress diagnosed as post traumatic stress disorder, chronic, which has resulted in recommendations from his treating doctor that he not return to work for the BNSF in any job around locomotives." (Id. ¶ 12; see also id. ¶¶ 9-11.) He adds, "At the time of the derailment, [he] was in the zone of danger and, therefore, may recover for negligent infliction of emotional distress." (Id. ¶ 10.)

The plaintiff alleges that his injuries have resulted in mental and physical pain and suffering, a loss of enjoyment of life, medical expenses, and lost wages and fringe benefits. (Compl., filing 1, ¶¶ 13-17.) He seeks a judgment against the defendant "in an amount sufficient to compensate him for his general damages, together with such special damages as may hereafter be ascertained," and costs and fees. (See id. at page 4.)

On February 3, 2010, the defendant filed the instant motion, arguing that the complaint must be dismissed for failure to state a claim upon which relief may be granted. (See filing 7 (citing Fed. R. Civ. P. 12(b)(6)).)

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8 requires that a complaint present 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "[T]he pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although the court must take the plaintiff's factual allegations as true when considering a Rule 12(b)(6) motion to dismiss, "[a] pleading that offers 'labels and conclusions or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555); see also Braden, 588 F.3d at 594. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

To meet the Rule 8 pleading standard and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (brackets omitted).

### III.   ANALYSIS

The parties are in agreement that the plaintiff's complaint presents a claim for damages for negligent infliction of emotional distress. (See, e.g., Pl.'s Br., filing 13, at 3; Compl., filing 1, ¶¶ 10-12; Def.'s Br., filing 8, at 1.) The Supreme Court has held that "claims for damages for negligent infliction of emotional distress are cognizable under FELA," Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 550 (1994), and that the "zone of danger test" is the appropriate standard for determining liability for these claims, id. at 554-56. "Under this test, a worker within the zone of danger of physical impact [is] able to recover for emotional injury caused by fear of physical injury to himself, whereas a worker outside the zone will not." Id. at 556. In other words, the zone of danger test allows railroad employees "to recover for injuries–physical and emotional–caused by the negligent conduct of their employers that threatens them imminently with physical impact." Id. See also id. at 547-48 ("[T]he zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct.").

The defendant argues that the complaint fails to state a claim upon which relief may be granted because the plaintiff has failed to allege facts showing "that he suffered a physical impact, or that he was put in danger of immediate physical harm." (Def.'s Br., filing 8, at 4.) More specifically, the defendant states,

> In paragraphs 7 and 8 of his Complaint, plaintiff alleges he was riding on the lowest step of a ladder on the front ["point"] of one of the locomotives of a two-locomotive consist. He alleges broadly a "loud noise" without any further reference to its source or significance. He further alleges the locomotive he was riding on "began to sway" and that he thereafter "jumped" before it "derailed." There are no facts alleged sufficient to objectively describe: a defined or cognizable zone of danger; an identifiable risk of imminent or immediate physical impact; nor plaintiff's proximity to it. . . .
>
>         . . . .
>
> . . . The Complaint does not allege the cause of the derailment, does not allege what derailed (i.e., what came off the rail–a single wheel, a truck, or something else), does not allege where on the lead locomotive the alleged derailment occurred, does not allege the speed of the locomotive, does not allege that the lead or trailing locomotive toppled over (or did the light power consist remain upright?), does not allege that the "derailment" in and of itself placed plaintiff within or in close proximity to a zone of danger for immediate physical impact before his "jump," or that he found himself in a zone of danger of immediate physical impact after his "jump." All of these things are examples of the kind of factual matter that must be alleged under Twombly and Iqbal, and none are alleged in the Complaint. In sum, plaintiff has not alleged facts to support the bare legal conclusion found in paragraph 10 that "[a]t the time of the derailment, Plaintiff was in the zone of danger and, therefore, may recover for negligent infliction of emotional distress."

(Def.'s Br., filing 8, at 12-13 (emphasis omitted).)

I do not take the defendant's argument to be that Rule 8 requires that the plaintiff's complaint address all of the factual ambiguities highlighted above. But the ambiguities identified by the defendant do persuade me that the complaint lacks sufficient factual allegations to state a claim upon which relief may be granted. As I have noted in Part II above, facts that are merely consistent with liability are insufficient to survive a Rule 12(b)(6) motion. Rather, to satisfy the requirements of Rule 8, a complaint must include facts showing that the plaintiff is plausibly entitled to relief. "The plausibility standard . . . asks for more than a sheer possibility that a

4

defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Here, the complaint alleges facts that raise a possibility that the plaintiff was in the zone of danger of physical impact: the plaintiff was riding on the lowest step of a ladder on the front of a two-locomotive consist, holding the handrail with one hand, when a loud noise and swaying caused him to jump from the locomotive just before it derailed. I find, however, that these facts fall "short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Even taking all of the plaintiff's factual allegations as true, those allegations simply do not show that the plaintiff was plausibly "within the zone of danger of physical impact," was plausibly "threaten[ed] . . . imminently with physical impact," or was plausibly "placed in immediate risk of physical harm by [the defendant's negligent] conduct." Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 547-48, 556 (1994). Although the complaint does allege that, "[a]t the time of the derailment, Plaintiff was in the zone of danger," this is a bare legal conclusion "that may properly be set aside" when considering a Rule 12(b)(6) motion to dismiss. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

In response to the defendant's motion, the plaintiff first points out–correctly–that the defendant's brief discusses no prior case in which a FELA plaintiff's claim for damages for negligent infliction of emotional distress was dismissed under Rule 12(6)(6). (See Pl.'s Br., filing 13, at 4.) Instead, the cases highlighted by the defendant concern the summary judgment stage–or later stages–of litigation. (See Def.'s Br., filing 8, at 5-14 (citing, inter alia, Consolidated Rail Corp. v. Gottshall, 512 U.S. 532 (1994); Crown v. Union Pacific R.R. Co., 162 F.3d 984 (8th Cir. 1998) (affirming grant of summary judgment in favor of railroad on plaintiff's claim of negligent infliction of emotional distress); Stewart v. Central of Georgia R.R. Co., 87 F. Supp. 2d 1333 (S.D. Ga. 2000) (granting summary judgment in favor of railroad on plaintiff's claim of negligent infliction of emotional distress); Illinois Cent. R.R. Co.v. Gandy, 750 So.2d 527 (Miss. 1999) (affirming jury verdict in favor of conductor on his FELA claim); Norfolk Southern Ry. Co. v. Everett, 682 S.E.2d 621 (Ga. Ct. App. 2009) (affirming denial of railroad's summary judgment motion); Ex parte CSX Transportation, Inc., 735 So.2d 476 (Ala.

5

1999) (noting that summary judgment was granted in favor of railroad on plaintiff's negligent infliction of emotional distress claim); Outten v. National R.R. Passenger Corp., No. 88-3347, 1990 WL 87275 (E.D. Pa. 1990) (granting railroad's motion for summary judgment on plaintiff's negligent infliction of emotional distress claim)).)[1] The plaintiff also notes–again correctly–that the facts alleged in his complaint are distinguishable from the facts at issue in the cases cited by the defendant. (See Pl.'s Br., filing 13, at 4-6.) I find, however, that the defendant's inability to cite authority standing on all fours with the instant case is not fatal to its motion. As the Supreme Court explained in Iqbal, "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citations omitted). I have applied the principles set forth in Iqbal, Twombly, and Gottshall to the instant case, and I find that I cannot infer more than the mere possibility that the defendant may be liable to the plaintiff for negligently inflicting emotional distress upon him. Under these circumstances, the defendant's motion must be granted.

The plaintiff also argues that, although each of the cases relied upon by the defendant is distinguishable from the instant case, the instant case is "factually similar" to Norfolk Southern Ry. Co. v. Everett, 682 S.E.2d 621 (Ga. Ct. App. 2009). (See Pl.'s Br., filing 13, at 7.) In Everett, the court summarized the relevant facts, taken in the light favorable to Mr. Everett, as follows.

> Everett was employed as an engineer for Norfolk Southern and was tasked with moving a six-car train filled with auto parts down an incline into the Ford Hapeville auto plant. Assisted by two other Norfolk Southern employees standing on the outside of the leading railroad car, Everett operated the locomotive that

---

[1] I note in passing that the plaintiff, for his part, discusses no prior case in which allegations analogous to those set forth in his complaint survived a challenge based on Rule 12(b)(6) and Twombly.

6

> pushed the cars toward the Ford plant. One of the employees misinformed Everett that the train derailment device was in the "off" position when in fact it was in the "on" position. Acting at the direction of his supervisor, Everett moved the train forward, and, due to the position of the derailment device, the cars began derailing about 150 feet from the plant's entrance. The derailed cars continued toward the plant, and the train's emergency brakes immediately activated. Everett, assuming that the train had derailed, quickly applied the engine brakes. Before the train came to a complete stop, it traveled approximately 300 feet from the point of derailment, causing a total of three of the train's six cars to derail, with two of those cars crashing into the Ford plant, setting off a fire alarm light and the building's fire sprinklers. Everett was "slightly pulled" in his seat during the incident but suffered no physical injury.
>
> Everett made unanswered radio calls to the two other employees and waited in the locomotive until someone came to him and announced the derailment and that no one had been hurt. When Everett went home, he experienced severe emotional distress from the incident, resulting in his temporary hospitalization. He has not been able to return to work.

682 S.E.2d at 622. The plaintiff submits that Everett is factually similar to the instant case because in both cases, the plaintiffs did not sustain physical injuries, but it was reasonable for them to be fearful that they were in danger of suffering injury. (Pl.'s Br., filing 13, at 7.) It is true that the plaintiff has not alleged that he suffered a physical injury during the events of August 7, 2008, and it is true that the court in Everett found that Mr. Everett did not suffer a "physical impact" sufficient "to meet the first aspect of the zone of danger test." 682 S.E.2d at 623-24. In that respect, the cases are similar. In Everett, however, the court also found that, "with respect to the second aspect of the zone of danger test, i.e., whether the event placed him in 'immediate risk of physical harm,' Everett did make a showing sufficient to survive summary judgment." Id. at 624 (footnote omitted). The court explained, "Everett was the engineer of a six-car train when three of the cars derailed and two cars crashed into a building, activating a fire alarm and sprinklers. There is competent evidence that the derailment and collision were a direct result of misinformation from a co-worker that it was safe for Everett to proceed. This is precisely the type of physical danger posed by railroad work that FELA was intended to address." Id. In short, there was "competent evidence" that "Everett was placed in immediate risk of physical harm by the train derailment and building collision." Id. Clearly, at this stage of the

proceedings the plaintiff is not required to come forward with competent evidence that the alleged derailment placed him in immediate risk for physical harm.  Rather, the complaint must include factual allegations that are sufficient to show plausibly that the derailment placed the plaintiff in immediate risk of physical harm.  The complaint does not do so.  Indeed, there are no facts in the complaint concerning the severity of, or the risks posed by, the derailment.  I am not persuaded by the plaintiff's argument that the instant case bears sufficient factual similarity to Everett to warrant denial of the defendant's motion, and I find that the complaint fails to state a claim upon which relief may be granted.

**IT IS ORDERED** that the defendant's motion to dismiss, filing 7, is granted.

Dated April 9, 2010.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge